# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-160V
**Filed: March 4, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * *  *<br>LYNN BAYLESS, on behalf of STEVEN      *<br>BAYLESS, as his successor in interest,       *<br>                                                                   *<br>                    Petitioner,                           *<br>                                                                   *<br>v.                                                                *<br>                                                                   *<br>SECRETARY OF HEALTH                        *<br>AND HUMAN SERVICES,                        *<br>                                                                   *<br>                    Respondent.                        *<br>* * * * * * * * * * * * * *  * | UNPUBLISHED<br><br>Special Master Hamilton-Fieldman<br><br>Joint Stipulation on Damages;<br>Tetanus-Diptheria-Pertussis<br>("Tdap") Vaccine; Neurological<br>Injury. |

<u>Andrew Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
<u>Gordon Shemin</u>, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On February 28, 2014, Steven Bayless[2] filed a petition pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to -34 (2006). Mr. Bayless alleged that,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] Mr. Bayless passed away during the pendency of the case. The case caption was subsequently amended to reflect the fact that his widow, Lynn Bayless, would be continuing his claim as his successor in interest. See Order, filed June 11, 2014.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

as a result of the administration of a tetanus-diptheria-pertussis ("Tdap") vaccine on July 2, 2012, he suffered from lymphomatoid granulomatosis.  Petitioner later amended his claim to reflect acute demyelinating polyneuropathy as his alleged injury.  See Amended Petition, filed September 19, 2014.

On March 3, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Respondent denies that Mr. Bayless suffered any injury as a result of the Tdap immunization administered on July 2, 2012, and denies that Mr. Bayless' death was a sequela of any vaccine injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner, Lynn Bayless, shall receive the following compensation:

> **A lump sum of $30,000.00, in the form of a check payable to Petitioner, Lynn Bayless, as legal representative of the estate of Steven Bayless.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

    s/ Lisa Hamilton-Fieldman
    Lisa Hamilton-Fieldman
    Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LYNN BAYLESS, on behalf of STEVEN BAYLESS, as his successor in interest,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES<br><br>Respondent. | No. 14-160V<br>Special Master Hamilton-Fieldman<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Steven Bayless ("Mr. Bayless"), now deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition was amended after Mr. Bayless passed away, and seeks compensation for injuries allegedly related to Mr. Bayless' receipt of a tetanus-diphtheria-pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Bayless received his Tdap vaccination on or about July 2, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the Tdap vaccine, Mr. Bayless suffered a neurological injury, but ultimately passed away due to causes unrelated to the Tdap vaccination.

---

[1] Upon Mr. Bayless' death, Lynn Bayless was substituted as petitioner, as his successor in interest.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Bayless as a result of his condition.

6. Respondent denies that Mr. Bayless suffered any injury as a result of the Tdap immunization administered on or about July 2, 2012, and denies that Mr. Bayless' death was a sequela of any vaccine injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $30,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Steven Bayless. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is duly authorized to serve as the legal representative of Mr. Bayless' estate under the laws of the State of California. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Mr. Bayless' estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Mr. Bayless' estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party of parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the Estate of Steven Bayless upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as the legal representative of Mr. Bayless' estate, on behalf of Mr. Bayless' heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Bayless resulting from, or alleged to have resulted from, the Tdap vaccination administered on or about July 2, 2012, as alleged in a petition for vaccine compensation filed on or about February 28, 2014, and amended on or about September 19, 2014, in the United States Court of Federal Claims as petition No. 14-160V.

3

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused Mr. Bayless' alleged neurological injury or any other injury or death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Mr. Bayless' estate.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*[signature]*
LYNN BAYLESS

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
ANDREW D. DOWNING
Van Cott & Talamante, PLLC
2025 N. Third Street, Suite 260
Phoenix, Arizona 85004
(602) 257-9160

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Vaccine Injury
Compensation Programs (DICP),
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: 3 March 2015